UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| 484 ASSOCIATES, L.P., | : | |
| Plaintiff, | : | 06 Civ. 2290 (PAC) |
| | : | |
| - against - | : | OPINION |
| | : | AND ORDER |
| PERRY MOY, CHM ABSTRACT, LLC, and | : | |
| CHM ABSTRACT LAND TITLE RESEARCH | : | |
| CORP., | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

HONORABLE PAUL A. CROTTY, United States District Judge:

Plaintiff 484 Associates, L.P. brings this action in diversity against Defendants Perry Moy ("Moy"), CHM Abstract, LLC, and CHM Abstract Land Title Research Corp. (collectively "CHM").[1]  Plaintiff alleges unjust enrichment, fraud, and aiding and abetting fraud under the laws of the State of New York and also seeks to compel the determination of its own and Defendants' claims to certain properties pursuant to Article 15 of the New York Real Property Actions and Proceedings Law. Defendants now move pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the unjust enrichment, fraud, and aiding and abetting fraud claims.

## BACKGROUND

**I. Factual History[2]**

This claim arises out of a series of loans made by Plaintiff to one David Bok ("Bok"). In late 2002, Bok approached Plaintiff about investing in the international

---

[1] CHM Abstract, LLC is allegedly the successor-in-interest to CHM Abstract Land Title Research Corp. Moy allegedly is and was the sole owner of both CHM entities.
[2] The facts herein are drawn from allegations in the Plaintiff's Complaint, which are treated as true for purposes of this motion to dismiss, and from the documents attached to the Complaint. Except where the source is quoted, no further citation will be made.

scrap metal market.  This investment, which Bok suggested could yield significant returns, would take the form of a loan to Bok to be invested in his putative scrap metal business in China.  Plaintiff agreed and made a loan in the amount of $105,000 on January 17, 2003, as evidenced by a Promissory Judgment Note.  At about that time, Bok asked for a separate loan of $200,000 for investment in a residential construction project in Dubai, and offered as a security the deed to two apartments in Manhattan that his company, Aspic Corp., allegedly owned (the "Properties").  Bok provided Plaintiff with a comprehensive Appraisal Report of the Properties (the "Appraisal Report," Exhibit B to the Complaint), setting their market value at $1,440,000, and a "Certification and Report" of title to the Properties prepared by Defendants (the "Certification and Report," Exhibit C to the Complaint).  Plaintiff never spoke with or had direct communications with Moy.  Nor did Plaintiff conduct its own investigation, but chose instead to rely on the documents which Bok provided.  Nonetheless, Plaintiff maintains that Defendants defrauded Plaintiff by falsifying the Certification and Report, which was part of Bok's scheme to defraud Plaintiff.

Defendants' Certification and Report stated that as of January 24, 2003, title to the Properties, "subject to the liens, encumbrances and other matters, if any, set forth in this report, is as follows: Recertified recorded owner: Aspic Corp." Exhibit C.  No such liens or encumbrances were set forth in the report.  The Appraisal Report was dated June 24, 2002, six months prior to the loans to Bok, and differed from the Certificate and Report in a critical respect.  It reported that the Properties were owned not by Bok or Aspic Corp., but rather by Bok's mother, Joyce Qua Bok.  The Appraisal Report stated the ownership of the Properties three times: in the cover letter from the

appraiser ("The subject apartment is owned by Joyce Qua Bok."); in the "Summary of Salient Facts" ("Owner: The subject property is owned by Joyce Qua Bok."); and in the "Introduction" ("Ownership History: Public records indicate title to the subject property is held by Joyce Qua Bok since 1997."). Exhibit B.

Plaintiff loaned Bok the requested $200,000, and on January 9, 2003 received in return the putative deed to the Properties, proof of a $1,000,000 life insurance policy on Bok for the term of the loan, with Plaintiff as beneficiary, and a payment guarantee from Bok's Dubai construction business. On April 10, 2003, Bok asked for a larger loan of $429,900 for the scrap metal business, incorporating an extension of the earlier $105,000. Plaintiff extended the loan in return for a new Promissory Judgment Note, relying on the Properties as collateral.

On November 17, 2003, Plaintiff demanded payment on the Note in the amount of $472,890. Bok failed to repay the Note at which point Plaintiff also demanded repayment of the $200,000 loan. Bok disappeared for a time, but on December 19, 2003 he wrote Plaintiff stating that while he intended to honor his obligations, he could not do so at that time, due to setbacks in his businesses. A Pennsylvania state court then entered a judgment by confession against Bok in the amount of $525,634.62 on December 30, 2003. Plaintiff attempted to execute the judgment against the Properties and found that they were owned by Joyce Bok and were also encumbered by mortgages held by Defendants. Plaintiff alleges that the mortgages are fraudulent, and that Joyce Bok was convinced by Defendants and Bok to record them unwittingly. On November 15, 2005, Joyce Bok assigned her entire interest in the Properties to Plaintiff.

## DISCUSSION

**I. Rule 12(b)(6) Standard**

The district court may dismiss a claim under Federal Rule of Civil Procedure 12(b)(6) only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." H.J. Inc. v. Nw. Bell Tel. Co., 492 U.S. 229, 249-50 (1989) (citing Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)). The court must accept as true all well-pleaded factual allegations in the complaint, and view them in the light most favorable to the plaintiff. See De Jesus v. Sears, Roebuck & Co., 87 F.3d 65, 70 (2d Cir. 1996). Despite the Rule's liberal standard, "conclusory allegations or legal conclusions masquerading as factual conclusions" are not sufficient to withstand a motion to dismiss. Id.

Under Rule 12(b)(6), the Court may either exclude evidence outside the Complaint or convert the motion to dismiss to a motion for summary judgment under Federal Rule of Civil Procedure 56. Fed.R.Civ.P. 12(b). For these purposes, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991), cert. denied, 503 U.S. 960 (1992). Accordingly, the Court considers only the documents attached to the Complaint, and does not rely at all on Defendants' evidentiary submissions, as the Complaint does not "rel[y] heavily upon [their] terms and effect." Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam).

**II. Fraud**

Under New York law, fraud has five elements:

> 1) the defendant made a material misrepresentation; 2) the defendant knew of its falsity; 3) the defendant possessed an intent to defraud; 4) the plaintiff reasonably relied on the misrepresentation; and 5) the plaintiff suffered damage as a result of the misrepresentation.

Kaye v. Grossman, 202 F.3d 611, 614 (2d Cir. 2000). Defendants assert that every single element is inadequately pled by Plaintiff. Even if Plaintiff's allegations of material misrepresentation, knowledge, intent, and damages were sufficient, the pleading as to reliance is inadequate. As a matter of law, Plaintiff cannot demonstrate reasonable reliance on Defendants' representation.

*Reasonable Reliance*

"When a party is aware of circumstances that indicate certain representations may be false, that party cannot reasonably rely on those representations, but must make additional inquiry to determine their accuracy." Keywell Corp. v. Weinstein, 33 F.3d 159, 164 (2d Cir. 1994). New York decisions "holding that reliance on misrepresentations was not justified are generally cases in which plaintiff was placed on guard or practically faced with the facts." Mallis v. Bankers Trust Co., 615 F.2d 68, 81 (2d Cir. 1980). Similarly, "[w]here sophisticated businessmen engaged in major transactions enjoy access to critical information but fail to take advantage of that access, New York courts are particularly disinclined to entertain claims of justifiable reliance." Grumman Allied Industries v. Rohr Industries, Inc., 748 F.2d 729, 737 (2d Cir. 1984).

Thus, notwithstanding that the fact-specific nature of reasonable reliance generally renders it "inappropriate for determination on a motion to dismiss," Doehla v.

5

Wathne Ltd., Inc., No. 98 Civ. 6087, 1999 WL 566311, *10 (S.D.N.Y. Aug. 3, 1999) (collecting cases), courts will grant a Rule 12(b)(6) motion if Plaintiff had actual notice of the falsity of the misrepresentations or indisputable access to information that would have revealed the truth with minimal diligence. See, e.g., Hunt v. Alliance North American Gov. Income Trust Inc., 159 F.3d 723, 730 (2d Cir. 1998) (no reasonable reliance where prospectuses available to plaintiffs contradicted fraudulent advertising materials); Brown v. E.F. Hutton Group, Inc., 991 F.2d 1020, 1032-33 (2d Cir. 1993) (no reasonable reliance where offering materials contradicted oral misrepresentations by brokers); Granite Partners, L.P. v. Bear Stearns & Co., 58 F.Supp.2d 228, 259 (S.D.N.Y. 1999) (no reasonable reliance where plaintiffs' investment advisors were under a duty to produce written evaluations of plaintiff's securities holdings, which would have revealed falsity of defendants' fraudulent valuations, despite advisors' failure to do so); Pinney v. Beckwith, 608 N.Y.S.2d 738, 739 (3d Dep't 1994) (no reasonable reliance where a "simple inquiry" into town records would have disclosed the falsity of defendant's representations regarding subdivision approval); Marine Midland Bank v. Palm Beach Moorings, Inc., 403 N.Y.S.2d 15, 17 (1st Dep't 1978) (no reasonable reliance where plaintiff failed to take advantage of unlimited access to corporation's records before purchasing corporation and guaranteeing notes); see also Schlaifer Nance & Company v. Estate of Andy Warhol, 119 F.3d 91, 99 (2d Cir. 1997) (granting judgment as a matter of law where defendant's documents, which plaintiff was encouraged to review by counsel, would have revealed true extent of defendant's copyrights over artwork).

      Plaintiff's reliance here was far less justified than the reliance found inadequate to defeat a motion to dismiss in the cases cited above. In the majority of those

cases, the plaintiffs only had access to information they could and should have reviewed. Here, it is undisputed that Bok simultaneously provided Plaintiff with the Appraisal Report (Exhibit B) that directly and repeatedly contradicted the document on which Plaintiff allegedly relied (Exhibit C).  The diligence required to alert Plaintiff to the inaccuracy of the Certification and Report was a single review of the Appraisal Report containing the value of the collateral for the proposed loan.  The Appraisal Report repeatedly stated a different ownership for the parcel.  No reasonable person exercising even the minimal diligence required by the law could fail to notice and investigate the discrepancy.  At the very least, Plaintiff should have paid for its own title investigation and report.  "While the law does not require that a defrauded party go to the ends of the earth to discover the falsity of a statement, patent foolishness is not excused." Banque Franco-Hellenique de Commerce Intern. et Maritime, S.A. v. Christophides, 106 F.3d 22, 26 (2d Cir. 1997).  Plaintiff's reliance was unjustifiable as a matter of law, and the fraud claim must be dismissed.

### III.  Aiding and Abetting Fraud

Under New York law, an aiding and abetting fraud claim requires proof of (1) a fraud, (2) the defendant's "actual knowledge" of the fraud, and (3) the defendant's "substantial assistance" to the fraud's commission. Lerner v. Fleet Bank, N.A., 459 F.3d 273, 292 (2d Cir. 2006).  In the Complaint, Plaintiff alleges that the fraud occurred when "Bok, the primary wrongdoer, defrauded creditors by transferring the Properties into his mother's possession." Complaint ¶ 53.  For the reasons noted in the above Section, however, Plaintiff could not reasonably have failed to be aware that Joyce Bok was the

listed owner of the Properties, when it accepted the deed to the Properties as collateral. Therefore, Plaintiff cannot show reasonable reliance as to the underlying fraud alleged, and his aiding and abetting fraud claim must be dismissed. See In re AHT Corp., 292 B.R. 734, 746 (S.D.N.Y. 2003) ("AHT cannot prevail as a matter of law on its aiding and abetting claim because it cannot get over the first hurdle. Since reliance…was unreasonable as a matter of law, there was no fraud."); King v. George Schonberg & Co., 650 N.Y.S.2d 107, 108 (1st Dep't 1996) (failure to adequately allege reasonable reliance rendered the complaint insufficient to support aiding and abetting fraud claim).

### IV. Unjust Enrichment

Under New York law, a claim of unjust enrichment requires that the plaintiff allege (1) that the defendant was enriched; (2) that the enrichment was at the plaintiff's expense; and (3) that the circumstances are such that in equity and good conscience the defendant should return the money or property to the plaintiff. See Golden Pacific Bancorp v. F.D.I.C. 273 F.3d 509, 519 (2d Cir. 2001). Plaintiff alleges that Defendants have been unjustly enriched by inducing Joyce Bok to unwittingly record "fraudulent" mortgages, held by the Defendants, on the Properties. Complaint ¶¶ 29, 39. These assertions sufficiently allege the first and third elements of an unjust enrichment claim.

Plaintiff has not, however, made any allegations that would support a finding that Defendants were enriched at Plaintiff's expense. Defendants hold mortgages that date between 1997-2000, more than two years before Plaintiff extended a loan to Bok. That Joyce Bok had, as a result of the mortgage transactions, less valuable assets to

use in satisfying her son's obligations to Plaintiff does not allow Plaintiff to vicariously assert her claim against Defendants. The clauses of the Complaint that Plaintiff cites in support of the claim merely illustrate the point by their omissions. See Complaint ¶¶ 9, 14, 15 (referring to money loaned to Bok by Plaintiff), Id. at ¶¶ 41-43 (referring to Defendants' enrichment and its injustice). As the Defendants did not receive the money loaned to Bok, and Plaintiff was not the owner of the Properties at the time the mortgages were recorded, Plaintiff has failed to state a claim of unjust enrichment upon which relief can be granted.

## CONCLUSION

Defendants' motion is GRANTED. Plaintiff's claims for fraud, aiding and abetting fraud, and unjust enrichment are dismissed with prejudice.

Dated: New York, New York
       March 5, 2007

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

9